

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOHEILA RAHBARI, on behalf of Herself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NEXCEN BRANDS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS, GLOBAL FRANCHISE GROUP, LLC, DAVID OROS, KENNETH J. HALL, JAMES T. BRADY, PAUL CAINE, EDWARD J. MATHIAS and GEORGE STAMAS,<br><br>        Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

1.    NexCen Brands, Inc. ("NexCen"), David Oros, Kenneth J. Hall, James T. Brady, Paul Caine, Edward J. Mathias and George Stamas (collectively, the "NexCen defendants") are defendants in a civil action commenced on July 22, 2010 in the Supreme Court of the State of New York, County of New York, captioned *Rahbari v. NexCen Brands, Inc., et al.*, No. 651063/2010 (the "State Action"). The NexCen defendants hereby remove the State Action to this Court, which is in the judicial district in which the State Action is pending, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453(b), and 15 U.S.C. §§ 77p and 78bb(f).

2.    This Court has original jurisdiction over the State Action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, *see* Class Action Complaint for Breach of Fiduciary Duty and Injunctive

Relief ("Complaint" or "Compl."), ¶ 1, and it is a purported class action in which a member of the class of plaintiffs is a citizen of a State different from a defendant:

     a.    ~~The Complaint does not identify the citizenship of the only named~~ plaintiff, Soheila Rahbari ("Plaintiff"). On information and belief, Plaintiff is a citizen of the State of New Jersey.

     b.    Defendant NexCen Brands, Inc. is a Delaware corporation with its principal offices in the State of New York.  Compl., ¶ 11.

     c.    The Complaint alleges that defendant Global Franchise Group, LLC is a Delaware limited liability company and an affiliate of a fund that is managed by defendant Levine Leichtman Capital Partners. *Id.*, ¶ 13.  The Complaint does not identify the citizenship of Levine Leichtman Capital Partners.

     d.    The complaint alleges that defendants David Oros, Kenneth J. Hall, James T. Brady, Paul Caine, Edward J. Mathias and George Stamas are residents, and therefore citizens, of the State of New York. *Id.*, ¶¶ 14-19.

3.    This Court also has subject matter jurisdiction and removal also is proper under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p, 78bb(f), which broadly preempts putative class actions alleging state law claims based on allegations of fraud in connection with the purchase or sale of covered securities. *See* 15 U.S.C. § 77bb(f)(2) ("Any covered class action brought in any State court involving a covered security … shall be removable to the Federal district court for the district in which the action is pending …"); Compl., ¶ 23 (alleging failure "to disclose all material information concerning the proposed change of control"), ¶ 47(f) (alleging breach of "fiduciary duties of candor …by soliciting

shareholder votes ... based upon, *inter alia*, inadequate disclosures").

4.      Contrary to the allegations in the Complaint, *id.*, ¶¶ 7 and 8, the exceptions listed in 15 U.S.C. §§ 77p(d)(1) and 78bb(f)(3), and 28 U.S.C. §§ 1332(d)(9)(B) and 1453(d)(2),  are inapplicable because this action is not based upon the statutory or common law of the State in which the issuer is incorporated.  Plaintiff's claims are "based solely on New York statutory and/or common law," Compl., ¶ 6, and NexCen is incorporated in Delaware, *id.* ¶ 11.

5.      Contrary to the allegations in the Complaint, *id.*, ¶ 7, the exceptions listed in 28 U.S.C. §§ 1332(d)(9)(C) and 1453(d)(3) are inapplicable because the purported class action does not "solely" involve a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1), and the regulations issued thereunder).  The Complaint does not allege any claim based on the terms of an instrument that creates and defines any security, but rather it alleges claims "based solely on New York statutory and/or common law." Compl., ¶ 6.

6.      Removal is timely under 28 U.S.C. § 1446(b) because the NexCen defendants were served with a copy of the initial pleading setting forth the claim for relief upon which the action is based on July 26, 2010, and this Notice of Removal is being filed within thirty days thereafter.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and papers received by the NexCen defendants are filed with this Notice of Removal, namely:

| | |
|---|---|
| Exhibit 1 | Summons |
| Exhibit 2 | Class Action Complaint for Breach of Fiduciary Duty and Injunctive Relief ("Complaint") |

Exhibit 3     Statement in Support of Request for Assignment to Commercial Division

8.     In accordance with 28 U.S.C. § 1446(d), a Notice of Filing this Notice of Removal will be served promptly on Plaintiff through her counsel of record and filed promptly with the Clerk of the Court for the Supreme Court of the State of New York, County of New York.

9.     Included with this Notice of Removal is a filing fee of $350, as required by 28 U.S.C. § 1914.

Respectfully Submitted,

NEXCEN BRANDS, INC., DAVID OROS, KENNETH J. HALL, JAMES T. BRADY, PAUL CAINE, EDWARD J. MATHIAS and GEORGE STAMAS,

By their attorneys,

_____
Lori A. Martin
David M. Burkoff
WILMER CUTLER PICKERING HALE
     AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel.:  (212) 230-8800
Fax:  (212) 230-8888
lori.martin@wilmerhale.com
david.burkoff@wilmerhale.com

Dated: July 28, 2010

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was

served on the following counsel of record, by email and first class mail, this 28th day of July,

2010:

Richard B. Brualdi
The Brualdi Law Firm
29 Broadway
Suite 2400
New York, NY 10006

William B. Federman
Federman & Sherwood
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120

Marc S. Henzel
Law Offices of Marc Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA 19004

David M. Burkoff

# EXHIBIT 1

Case 1:10-cv-05695-RJH Document 2 Filed 07/28/10 Page 7 of 28 INDEX NO. 651063/2010

RECEIVED NYSCEF: 07/22/2010

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| SOHEILA RAHBARI, On Behalf of Herself and All Others Similarly Situated | Index No. _____ |
| Plaintiff, | |
| vs. | **SUMMONS** |
| NEXCEN BRANDS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS, GLOBAL FRANCHISE GROUP, LLC, DAVID OROS, KENNETH J. HALL, JAMES T. BRADY, PAUL CAINE, EDWARD J. MATHIAS and GEORGE STAMAS, | **JURY TRIAL DEMANDED** |
| Defendants. | |

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or if service of this summons is made by any means other than by personal delivery to you within the state, within thirty days after such service is complete. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is the residence of one or more of the defendants.

Dated: New York, New York
      July 22, 2010,

Respectfully Submitted,

Richard B. Brualdi
The Brualdi Law Firm
29 Broadway, Suite 2400
New York, NY 10006
Telephone: (212) 952-0602
Facsimile: (212) 952-0608

William B. Federman
Federman & Sherwood
10205 North Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112

Marc S. Henzel
LAW OFFICES OF MARC HENZEL
273 Montgomery Ave., Suite 202
Bala Cynwyd, PA 19004
Telephone:   (610) 660-8000
Facsimile:    (610) 660-8080

# EXHIBIT 2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| SOHEILA RAHBARI, On Behalf of Herself and All Others Similarly Situated <br><br>          Plaintiff, <br><br> vs. <br><br> NEXCEN BRANDS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS, GLOBAL FRANCHISE GROUP, LLC, DAVID OROS, KENNETH J. HALL, JAMES T. BRADY, PAUL CAINE, EDWARD J. MATHIAS and GEORGE STAMAS, <br><br>          Defendants. | Index No. <br><br><br> **CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND INJUNCTIVE RELIEF** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff, by her attorneys, alleges the following upon information and belief, except as to those allegations pertaining to Plaintiff which are alleged upon personal knowledge.

### NATURE OF THE ACTION

1.      This is a shareholder class action on behalf of the shareholders of NexCen Brands, Inc. ("NexCen" or the "Company") against NexCen and certain of its officers and/or directors, Levine Leichtman Capital Partners ("LLCP") and Global Franchise Group, LLC ("Global Franchise") for injunctive and other appropriate relief arising out LLCP and Global Franchise's efforts to acquire the subsidiaries of NexCen that own the franchise business assets (the "Proposed Acquisition") for $112.5 million. LLCP and Global Franchise, in turn, are liable for aiding and abetting the NexCen Defendants' breaches of fiduciary duties. Plaintiff seeks to enjoin the Proposed Acquisition.

2.      In pursuing this unlawful plan to cash out NexCen's assets for grossly inadequate consideration, each of the Defendants violated applicable law by directly breaching and/or aiding the other Defendants' breaches of their fiduciary duties of loyalty, due care, independence, good faith and fair dealing. Instead of attempting to negotiate a transaction reflecting the most

advantageous structure and highest price reasonably available for the NexCen's franchise business, Defendants spent considerable effort tailoring the Proposed Acquisition for their benefit, in part in an attempt to avoid liability from other pending litigation.

3.     In light of the foregoing, the Individual Defendants must, as their fiduciary obligations require:

     a.     Act independently so that the interests of NexCen's public shareholders will be protected, including, but not limited to, adequately considering any superior offers for its assets;

     b.     Adequately ensure that no conflicts of interest exist between Defendants' own interests and their fiduciary obligation to maximize shareholder value or, if such conflicts exist, to ensure that all conflicts be resolved in the best interests of NexCen's public shareholders;

     c.     Fairly and fully disclose all material information to the NexCen's shareholders concerning the Potential Acquisition, or any alternative thereto; and

     d.     Disclose strategic alternatives to the liquidation of NexCen's franchise business.

4.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from closing the Proposed Acquisition or, in the event the Proposed Acquisition is consummated, recover damages resulting from the Individual Defendants' violations of their fiduciary duties of loyalty and due care.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over each Defendant named herein because each Defendant conducts business in and/or maintains operations in this County, or is an individual who has sufficient minimum contacts with New York so as to render the exercise of jurisdiction by the New York courts permissible under traditional notions of fair play and substantial justice. Among other facts, NexCen maintains its primary business offices in New York and conducts its business including Board of Director and executive meetings in New York.

6.      Plaintiff's claims alleged herein are based solely on New York statutory and/or common law. Plaintiff's claims alleged herein have not been preempted by federal law, nor does Plaintiff's right to relief require the resolution of any substantial, disputed federal question. Plaintiff's claims for breach of fiduciary duty raise no federal claim notwithstanding any unintended reference or references to any federal securities laws, or any violation thereof, and any such unintended reference or references are not essential elements of any of Plaintiff's state law claims.

7.      Plaintiff's claims are not removable pursuant to the Class Action Fairness Action of 2005 ("CAFA") because they fall within the exception or exceptions set forth at 28 U.S.C. §§ 1332(d)(9)(B) and (C) and 29 U.S.C. §§ 1453(d)(2) and (d)(3).

8.      Plaintiff's claims are not removable pursuant to the Securities Litigation Uniform Standards Act of 1988 ("SLUSA") because they fall within the exception or exceptions thereto. See 15 U.S.C. § 77p(d)(1); 15 U.S.C. § 78bb(f)(3).

9.      Venue is proper in this Court because the conduct at issue took place and had an effect in this County.

**THE PARTIES**

10.    Plaintiff Soheila Rahbari ("Plaintiff") is, and at all times relevant hereto was, a shareholder of NexCen.

11.    Defendant NexCen is a strategic brand management company with a focus on franchising. It owns a portfolio of franchise brands that includes two retail franchise concepts: TAF and Shoebox New York, as well as five quick service restaurant franchise concepts: Great American Cookies, MaggieMoo's, Marble Slab Creamery, Pretzelmaker and Pretzel Time. The brands are managed by NexCen Franchise Management, Inc., a subsidiary of NexCen Brands. NexCen is a publicly traded Delaware company with its principal executive offices located at 1330 Avenue of the Americas, 34th Floor, New York, NY 10019.

12.    Defendant LLCP is an investment firm that manages approximately $5.0 billion of institutional investment capital through private equity partnerships, distressed debt and leveraged loan funds.

13.    Global Franchise is a newly formed Delaware limited liability company. Global Franchise is an affiliate of LLCP, a fund that is managed by Levine Leichtman Capital Partners, Inc.

14.    Defendant David Oros ("Oros") founded the Company, and at all relevant times, served as the Chairman of the Board of Directors and is the former Chief Executive Officer ("CEO").   Upon information and belief, Oros is a resident of New York.

15.    Defendant Kenneth J. Hall ("Hall") joined the Company on March 25, 2008 as Executive Vice President, Chief Financial Officer and Treasurer.   He was appointed CEO on August 15, 2008. Upon information and belief, Hall is a resident of New York.

4

16.     Defendant James T. Brady ("Brady") is a member of the Board of Directors of NexCen.  Upon information and belief, Brady is a resident of New York.

17.     Defendant Paul Caine ("Caine") is a member of the Board of Directors of NexCen.  Upon information and belief, Caine is a resident of New York.

18.     Defendant Edward J. Mathias ("Mathias") is a member of the Board of Directors of NexCen.  Upon information and belief, Mathias is a resident of New York.

19.     Defendant George Stamas ("Stamas") is a member of the Board of Directors of NexCen.  Upon information and belief, Stamas is a resident of New York.

20.     The Defendants named above in ¶¶ 14-19 are collectively referred to herein as the "Individual Defendants."

21.     The Individual Defendants, LLCP and Global Franchise are collectively referred to herein as the "Defendants."

### THE FIDUCIARY DUTIES OF THE INDIVIDUAL DEFENDANTS

22.     The Individual Defendants, because of their positions of control and authority as directors or officers of NexCen, were able to and did, directly and indirectly, control the wrongful acts complained of herein.  Because of their advisory, executive, managerial, and directorial positions with NexCen, each of the Individual Defendants had access to adverse non-public information about the financial condition, operations and future business prospects of NexCen, including, without limitation, the wrongdoing which the Individual Defendants caused NexCen to engage in.

23.     In a situation where the directors of a publicly traded company undertake a transaction that may result in a change in corporate control, the directors must take all steps reasonably required to maximize the value shareholders will receive rather than use a change of

control to benefit themselves, and to disclose all material information concerning the proposed change of control to enable the shareholders to make an informed voting decision. To diligently comply with this duty, the directors of a company may not take any action that:

    a.    Adversely affects the value provided to a company's shareholders;

    b.    Contractually prohibits them from complying with or carrying out their fiduciary duties;

    c.    Discourages or inhibits alternative offers to purchase control of the corporation or its assets; or

    d.    Will otherwise adversely affect their duty to search for and secure the best value reasonably available under the circumstances for the company's shareholders.

## CONSPIRACY, AIDING AND ABETTING, AND CONCERTED ACTION

24.    In committing the wrongful acts alleged herein, each of the Individual Defendants has pursued, or joined in the pursuit of, a common course of conduct, and acted in concert with and conspired with one another, in furtherance of their common plan or design. In addition to the wrongful conduct herein alleged as giving rise to primary liability, the Individual Defendants further aided and abetted and/or assisted each other in breach of their respective duties as herein alleged.

25.    During all relevant times hereto, the Defendants, and each of them, initiated a course of conduct which was designed to and did: (i) hide/conceal positive information concerning the Company in furtherance of the scheme to sell NexCen's franchise business at an unfair price and based on an unfair process; and (ii) permit LLCP and Global Franchise to

6

attempt to unfairly buy NexCen's assets.  In furtherance of this plan, conspiracy and course of conduct, Defendants, and each of them, took the actions as set forth herein.

26.     Each of the Defendants herein aided and abetted and rendered substantial assistance in the wrongs complained of herein.  In taking such actions, as particularized herein, to substantially assist the commission of the wrongdoing complained of, each Defendant acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to, and furtherance of, the wrongdoing.  The Defendants' acts of aiding and abetting included, *inter alia*, the acts each of them are alleged to have committed in furtherance of the conspiracy, common enterprise and common course of conduct complained of herein.

## THE PROPOSED ACQUISITION

27.     Under the terms of the acquisition agreement (the "Acquisition Agreement"), LLCP's affiliate, Global Franchise, will acquire the subsidiaries of NexCen that own the franchise business assets including all of NexCen Brand's interest in the Great American Cookies, MaggieMoo's, Marble Slab Creamery, Pretzelmaker, Pretzel Time, TAF ("The Athlete's Foot") and Shoebox New York, and also will acquire the Company's franchise management operations in Norcross, Georgia and its manufacturing facility in Atlanta, Georgia.

28.     In conjunction with the Acquisition Agreement, NexCen and certain of its subsidiaries entered into an agreement with their lender, BTMU Capital Corporation ("BTMUCC"), under which BTMUCC will accept a portion of the sale proceeds, at the closing of the transaction, in full satisfaction of the outstanding indebtedness owed to BTMUCC.  NexCen Brands will retain the remainder of the sale proceeds, plus a portion of the cash on hand at closing.

29.     NexCen and certain of its subsidiaries also entered into an amendment and waiver agreement with BTMUCC, which includes certain limited waivers of covenants and obligations in the existing credit agreement with BTMUCC.  NexCen expects that these waivers will enable it and its subsidiaries to remain in compliance with the credit agreement pending completion of the sale transaction.

30.     The acquired franchise business is expected to be operated by LLCP through its affiliate as a cohesive, stand-alone business in its current Georgia location. The agreement between NexCen and Global Franchise also provides for management and personnel of NexCen Franchise Management, Inc. and the manufacturing facility to continue with the business under its new ownership.

31.     NexCen's Board of Directors have already approved the sale of NexCen's assets to Global Franchise.

32.     In commenting on the Proposed Acquisition, Defendant Hall stated as follows:

> We believe that this agreement with an affiliate of LLCP, a firm with a proven track record of success in franchise management and extensive capital resources, represents the most favorable option for all of our stakeholders. We are pleased that we have entered into an agreement that provides an opportunity to achieve value for all stakeholders. We firmly believe that being a portfolio company of LLCP will provide our brands and franchisees with a new platform for growth and give our dedicated employees the opportunity to continue to manage and build these businesses.

33.     The CEO of LLCP, Lauren Leichtman stated as follows regarding the Proposed Acquisition:

> We are extremely pleased to be acquiring this leading franchise management business, which is a perfect fit with our portfolio and industry experience. We believe that this franchise business will be able to better capitalize on the many opportunities for continued expansion under our ownership and as a private company. We look forward to working with the management team, led by Chris Dull, as well as with employees and franchisees to provide support for the operations and help drive future growth.

34.     Defendants agreed to an Acquisition Agreement that contains provisions that make it more difficult to sell NexCen's franchising business to a party other than Global Franchise.  These provisions include a non-solicitation provision (including certain matching rights), a provision requiring that NexCen submit the asset sale to its stockholders for approval unless the Acquisition Agreement has been terminated in accordance with its terms, and provisions obligating NexCen to pay a termination fee of $4.5 million and to reimburse Global Franchise for up to $500,000 in expenses in certain circumstances.  These provisions discourage a third party who may have an interest in inquiring all of or a significant part of the Company even if that party was prepared to pay consideration with a higher value than the consideration to be paid by Global Franchise.

## DEFENDANTS FAILED TO MAXIMIZE SHAREHOLDER VALUE

35.     As a result of Defendants' conduct, the NexCen's public shareholders have been and will continue to be denied the fair process and arm's-length negotiated terms to which they are entitled in a sale of the Company's assets.

36.     Defendants limited the solicitation process of NexCen's assets to only 27 prospective parties.  Since Defendants contemplated a full sale or liquidation no legitimate reason exits as to why Defendants limited the solicitation process.

37.     Defendants failed to legitimately consider replacing the BTMUCC credit facility with alternative debt funding from a third-party.

38.     The transaction, as structured, leaves NexCen's shareholders to bear the burden of the liquidation expenses.  These expenses are expected to range from $6.1 - $7.5 million, or approximately $0.10 - $0.13 per share.  Defendants have failed to give any assurances that, after

liquidation expenses, NexCen's shareholders will be even left with $0.12 to $0.16 per share as estimated they will receive as a result of the Proposed Acquisition.

39.     The transaction, as structured, does not allow for any significant value from the Company's accumulated net operating loss ("NOLs") carry forwards of $837.0 million (as of December 31, 2009) to be realized by shareholders. Defendants failed to structure the transaction that would have afforded the buyer (or another buyer) an opportunity to pay something for NOLs.

## DEFENDANTS' SELF-DEALING

40.     The Individual Defendants and/or other Company insiders stand to obtain personal benefits as a result of the Proposed Acquisition. Accordingly, the Proposed Acquisition will only benefit the Defendants.

41.     Pursuant to the Acquisition Agreement, NexCen implemented a retention bonus plan which provides for aggregate payments up to $290,000.00 six months following the closing date to be paid to current or former office or employee of NexCen or any of its subsidiaries.

42.     Defendant Hall, the Company's current CEO, will personally benefit from the bonus retention agreement that was negotiated as part of the Proposed Acquisition.

43.     The Individual Defendants must, as their fiduciary obligations require, adequately ensure that no conflicts of interest exist between Defendants' own interest and their fiduciary obligation to maximize stockholder value.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action on her own behalf and as a class action on behalf of all holders of NexCen shares who are being and will be harmed by Defendants' actions described

herein (the "Class").  Excluded from the Class are Defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any Defendant.

45.     This action is properly maintainable as a class action.

46.     The Class is so numerous that joinder of all members is impracticable.

47.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  The common questions include, *inter alia*, the following:

(a)     whether the Individual Defendants have breached their fiduciary duties of undivided loyalty, independence or due care with respect to Plaintiff and the other members of the Class in connection with the Proposed Acquisition;

(b)     whether the Individual Defendants are engaging in self-dealing in connection with the Proposed Acquisition;

(c)     whether the Individual Defendants have breached their fiduciary duty to secure and obtain the best price reasonable under the circumstances for the benefit of Plaintiff and the other members of the Class in connection with the Proposed Acquisition;

(d)     whether the Individual Defendants are unjustly enriching themselves and other insiders or affiliates of NexCen;

(e)     whether the Individual Defendants have breached any of their other fiduciary duties to Plaintiff and the other members of the Class in connection with the Proposed Acquisition, including the duties of good faith, diligence, honesty and fair dealing;

(f)     whether the Individual Defendants have breached their fiduciary duties of candor to Plaintiff and the other members of the Class in connection with the Proposed

Acquisition by soliciting shareholder votes in favor of the Proposed Acquisition based upon, *inter alia*, inadequate disclosures;

        (g)    whether the Individual Defendants, in bad faith and for improper motives, have impeded or erected barriers to discourage other offers for the NexCen's assets;

        (h)    whether Defendants LLCP and Global Franchise aided and abetted the Individual Defendants' breaches of fiduciary duties; and

        (i)    whether Plaintiff and the other members of the Class would be irreparably harmed were the transactions complained of herein consummated.

48.    Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

49.    Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature and will fairly and adequately protect the interests of the Class.

50.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

51.    Plaintiff anticipates that there will be no difficulty in the management of this litigation.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52.    Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## REASONABLE DOUBT EXISTS THAT NEXCEN'S BOARD IS ENTITLED TO THE BUSINESS JUDGMENT PROTECTION

53.    For the reasons set forth herein, a reasonable doubt exists that the Board's approval and/or acquiescence to LLCP and Global Franchise's attempted buyout of NexCen's franchise business was the product of a valid exercise of business judgment.

54.    As part of their fiduciary duties, the Board had an obligation to inform themselves, prior to making a business decision, of all material information reasonably available to them.    It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the unlawful actions of the Individual Defendants as alleged herein are the collective actions of the narrowly defined group of Defendants identified above.

55.    Each of the above officers and/or directors of NexCen, by virtue of their high-level positions with the Company, directly participated in the management of the Company and were privy to confidential proprietary information concerning the Company's franchise business, its intellectual property, business, growth, and financial prospects, as alleged herein.    Said Defendants were directly involved in negotiating with the interested bidders, and ultimately agreeing to the terms of the Proposed Acquisition which will unfairly deprive NexCen's shareholders of their equity in NexCen's assets.

### FIRST CAUSE OF ACTION

### Claim for Breach of Fiduciary Duties Against the Individual Defendants

56.    Plaintiff repeats and realleges each allegation set forth herein.

57.    The Individual Defendants have violated the fiduciary duties of care, loyalty, candor, good faith and independence owed to the public shareholders of NexCen and have acted to put their personal interests ahead of the interests of the Company's shareholders.

13

58.     By the acts, transactions and courses of conduct alleged herein, Defendants, individually and acting as a part of a common plan, are attempting to unfairly deprive Plaintiff and other members of the Class of the true value inherent in and arising from NexCen's assets.

59.     The Individual Defendants have violated their fiduciary duties by entering into the Proposed Acquisition contract without regard to the effect of the proposed transaction on the Company's shareholders.

60.     As demonstrated by the allegations above, the Individual Defendants failed to exercise the care required, and breached their duties of loyalty, good faith, candor and independence owed to the shareholders of NexCen.

61.     Because the Individual Defendants dominate and control the franchise business and corporate affairs of NexCen, and are in possession of private corporate information concerning the Company's assets, business and future prospects, there exists an imbalance and disparity of knowledge and economic power between them and the public shareholders of NexCen which makes it inherently unfair for them to pursue and recommend any proposed transaction wherein they will reap disproportionate benefits to the exclusion of maximizing shareholder value.

62.     By reason of the foregoing acts, practices and course of conduct, the Individual Defendants have failed to exercise ordinary care and diligence in the exercise of their fiduciary obligations toward Plaintiff and the other members of the Class.

63.     Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to Plaintiff and the Class, and may consummate the Proposed Acquisition which will exclude the Class from its fair share of the Company's valuable assets

and operations, and/or benefit Defendants in the unfair manner complained of herein, all to the irreparable harm of the Class.

64.     The Individual Defendants are engaging in self-dealing, are not acting in good faith toward Plaintiff and the other members of the Class, and have breached and are breaching their fiduciary duties to the members of the Class.

65.     As a result of the Individual Defendants' unlawful actions, Plaintiff and the other members of the Class will be irreparably harmed in that they will not receive their fair portion of the value of the Company's assets and operations.  Unless the Proposed Acquisition is enjoined by the Court, the Individual Defendants will continue to breach their fiduciary duties owed to Plaintiff and the members of the Class, will not engage in arm's-length negotiations on the Proposed Acquisition terms, and will not supply to the Company's shareholders sufficient information to enable them to cast informed votes regarding adoption of the Proposed Acquisition contract and may consummate the Proposed Acquisition, all to the irreparable harm of the members of the Class.

66.     Plaintiff and the members of the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury which Defendants' actions threaten to inflict.

## SECOND CAUSE OF ACTION

### Claim for Aiding and Abetting Breaches of
### Fiduciary Duty Against Defendants LLCP and Global Franchise

67.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

15

68.     Defendants LLCP and Global Franchise aided and abetted the Individual Defendants in breaching their fiduciary duties owed to the public shareholders of NexCem, including Plaintiff and the members of the Class.

69.     The Individual Defendants owed to Plaintiff and the members of the Class certain fiduciary duties as fully set out herein.

70.     By committing the acts alleged herein, the Individual Defendants breached their fiduciary duties owed to Plaintiff and the members of the Class.

71.     LLCP and Global Franchise colluded in or aided and abetted the Individual Defendants' breaches of fiduciary duties, and was an active and knowing participant in the Individual Defendants' breaches of fiduciary duties owed to Plaintiff and the members of the Class.

72.     Plaintiff and the members of the Class shall be irreparably injured as a direct and proximate result of the aforementioned acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands injunctive relief, in favor of the Company and against Defendants as follows:

A.     Enjoining Defendants, their agents, counsel, employees and all persons acting in concert with them from consummating the Proposed Acquisition, unless and until the Individual Defendants adopt and implement a fair procedure or process to obtain the highest possible price for NexCen's assets;

B.     Directing the Individual Defendants to exercise their fiduciary duties to obtain a transaction which is in the best interests of NexCen's shareholders until the process for the sale or auction of the Company is completed and the highest possible price is obtained;

16

 C. Rescinding, to the extent already implemented, the Proposed Acquisition or any of the terms thereof;

 D. Imposition of a constructive trust, in favor of Plaintiff, on behalf of the Company, upon any benefits improperly received by defendants as a result of their wrongful conduct;

 E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

 F. Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: July 22, 2010      Respectfully submitted,

              _____

            Richard B. Brualdi
            The Brualdi Law Firm
            29 Broadway, Suite 2400
            New York, NY 10006
            Telephone: (212) 952-0602
            Facsimile: (212) 952-0608

            William B. Federman
            Federman & Sherwood
            10205 North Pennsylvania Ave.
            Oklahoma City, OK 73120
            Telephone: (405) 235-1560
            Facsimile: (405) 239-2112

            Marc S. Henzel
            LAW OFFICES OF MARC HENZEL
            273 Montgomery Ave., Suite 202
            Bala Cynwyd, PA 19004
            Telephone: (610) 660-8000
            Facsimile: (610) 660-8080

EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

------------------------------------------------------------X

SOHEILA RAHBARI, On Behalf of Herself
and All Others Similarly Situated,

                              Plaintiff/Petitioner,

                 - against -

NEXCEN BRANDS, INC., et. al.,

                       Defendant/Respondent.

------------------------------------------------------------X

Index No. _____

STATEMENT IN SUPPORT OF
REQUEST FOR ASSIGNMENT
TO COMMERCIAL DIVISION

     Richard B. Brualdi_____, counsel for ____Soheila Rahbari_____, the
_____plaintiff_____ in this matter, submits this Statement and the accompanying copy
of the pleadings, pursuant to Section 202.70 (d) (2) of the Uniform Rules for the Trial Courts, in support of
the request of said party for the assignment of this matter to the Commercial Division of this court.

    (1) I have reviewed the standards for assignment of cases to the Commercial Division set forth in
Section 202.70. This case meets those standards. I therefore request that this case be assigned to the Division.

    (2) The sums at issue in this case (exclusive of punitive damages, interest, costs, disbursements, and
counsel fees claimed) are equal to or in excess of the monetary threshold of the Division in this county as set
out in Subdivision (a) of said Section, or equitable or declaratory relief is sought, in that _the sums at
issue exceed $150,000.00._

    (3) This case falls within the standards set out in Subdivision (b) of the Section and does not come
within the groups of cases set out in Subdivision (c) that will not be heard in the Division, in that _this
case is a commercial class action._

Dated: ___July 22, 2010___

                               _____ (Signature)
                         Richard B. Brualdi , Esq.

                       The Brualdi Law Firm (Firm)
                       29 Broadway, Suite 2400 (Address)
                       New York, NY 10006
                       212-952-0602 (Phone)
                       212-9520608 (Fax)
               rbrualdi@brualdilawfirm.com (E-Mail)