Richard B. Brualdi (RB-1304)
**THE BRUALDI LAW FIRM, P.C.**
29 Broadway, Suite 2400
New York, New York 10006
Telephone:     (212) 952-0602
Facsimile:     (212) 952-0608
Email:         rbrualdi@brualdilawfirm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOHEILA RAHBARI, On Behalf of Herself and All Others Similarly Situated<br><br>                    Plaintiff,<br><br>vs.<br><br>NEXCEN BRANDS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS, GLOBAL FRANCHISE GROUP, LLC, DAVID OROS, KENNETH J. HALL, JAMES T. BRADY, PAUL CAINE, EDWARD J. MATHIAS and GEORGE STAMAS,<br><br>                    Defendants. | No. 1:10 CV 5695 (RJH) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**TABLE OF CONTENTS**

I. INTRODUCTION…………………………………………………………………………..1

II. BACKGROUND…………………………………………………………………………...1

III. REMOVAL IS IMPROPER………………………………………………………………...2

    A.  This Court Must Strictly Construe Removal in Favor of Remand………………….......2

    B.  Plaintiff Is Master of Her Complaint………………………………………………......3

    C.  Plaintiff's Action Does Not Permit Removal Based on Diversity Jurisdiction……………3

    D.  SLUSA Expressly Preserves Plaintiff's Action for State Court……………………….......5

        1.  SLUSA Does Not Pre-empt Plaintiff's Claims……………………………………....6

        2.  Plaintiff's Claims are "Carved-out" of SLUSA……………………………………….8

IV. PLAINTIFF SHOULD BE AWARDED ATTORNEY FEES AND COSTS……………......10

V. CONCLUSION……………………………………………………………………………….11

Plaintiff Soheila Rahbari ("Rahbari" or the "Plaintiff"), individually and on behalf of the shareholders of NexCen Brands, Inc. ("NexCen" or the "Company"), moves the Court for an order remanding this case to the Supreme Court of the State of New York, New York County.

## I. INTRODUCTION

Plaintiff's action has been improperly removed to federal court despite well-established authority holding that state law breach of fiduciary duty actions which challenge conduct in the context of a merger, such as Plaintiff's class claims in this action, are not "covered class actions" under the provisions of Securities Litigation Uniform Standards Act of 1988 ("SLUSA"), and are expressly "exempted" from preemption under SLUSA. Additionally, because several of the NexCen Defendants (defined below) are citizens of New York, NexCen Defendants are estopped from removing the action on the basis of diversity of citizenship. Thus, this action was properly instituted in state court and it should be immediately remanded, with attorneys' fees and costs awarded to Plaintiff.

## II. BACKGROUND

On July 22, 2010 Plaintiff filed a class action in the Supreme Court of the State of New York, County of New York, alleging state law breach of fiduciary duty claims ("State Class Action"). *See* ¶¶ 1-4, 22-72.[1] Defendant NexCen, David Oros ("Oros"), Kenneth J. Hall ("Hall"), James T. Brady ("Brady"), Paul Caine ("Caine"), Edward J. Mathias ("Mathias") and George Stamas ("Stamas") (collectively referred to as the "NexCen Defendants") were served on July 26, 2010. Two days later they filed a Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453(b), and 15 U.S.C. §§ 77p and 78bb(f).

Defendants Global Franchise Group LLC ("Global Franchise") and Levine Leichtman

---

[1] All "¶" and "¶¶" references are to the Class Action Complaint for Breach of Fiduciary Duty and Injunctive Relief (the "Complaint") filed on July 22, 2010.

- 1 -

Capital Partners ("LLCP") were both served on July 28, 2010. To date, Global Franchise and LLCP have ***not*** joined in the NexCen Defendants' removal.

As set forth in detail herein, this Court has no jurisdiction over Plaintiff's State Class Action as: (1) removal on the basis of diversity of citizenship is improper; and (2) SLUSA does not preempt Plaintiff's claims. Plaintiff contests this Court's jurisdiction over her action as removal is improper. Thus, Plaintiff respectfully requests that her action be immediately remanded to the Supreme Court of the State of New York, County of New York.

### III.  REMOVAL IS IMPROPER

#### A.  This Court Must Strictly Construe Removal in Favor of Remand

The Second Circuit has consistently held that defendants bear the burden throughout the removal and remand process of establishing removal jurisdiction and overcoming the strong presumption against removal. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. N.Y. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). Moreover, courts in this Circuit have universally recognized that "federal courts review compliance with the removal statute 'narrowly, resolving any doubts against removability.'" *Faden Bayes Corp. v. Ford Motor Co.*, 1997 U.S. Dist. LEXIS 10980, at *57 (S.D.N.Y. July 29, 1997). Removal right is governed entirely by statute, strictly construed by federal Courts. 28 U.S.C. §1441 *et. seq*.; *see, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104-107 (1941). What is more, removal raises Federalism concerns that mandate strict construction of removal jurisdiction by the federal courts, as the effect of removal is to deprive the state court of jurisdiction over a case which is properly before it. 16 MOORE'S FEDERAL PRACTICE §107.05 (Matthew Bender, 3d ed.); *Sacramento Metropolitan Air quality Management Dist. v. United States*, 215 F. 3d 1005, 1010-1014 (9th Cir. 2000). "All doubts should be resolved in favor of remand." *See Dela Rosa v. 610-620 West 141 LLC*, 2009 U.S. Dist. LEXIS 55058, at *10

(S.D.N.Y. June 24, 2009)

### B. Plaintiff Is Master of Her Complaint

Plaintiffs are masters of the complaint and are free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available. *See Cuomo v. Dreamland Amusements, Inc.*, 2008 U.S. Dist. LEXIS 71432, 10 (S.D.N.Y. Sept. 22, 2008) ("removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint.").

Here, Plaintiff's Complaint does not assert any claim arising under federal law. Being the master of the complaint permits a plaintiff (as in this case) to plead only state causes of action in a state court, even if this means ignoring applicable federal causes of action and federal jurisdiction over the claims. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 398-399 (U.S. 1987). In applying the "well-pleaded complaint" rule, federal courts do not allow defendants to paraphrase or recast a plaintiff's claims to create a federal cause of action. *Id*. Simply put, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809, n. 6 (1986).

In this case, Plaintiff's class allegations allege only causes of action for violations of state law. Specifically, Plaintiff alleges, *inter alia*, that Defendants breached their fiduciary duties by advancing their own personal interests over those of the shareholders of NexCen common stock. Based on Plaintiff's well-pleaded Complaint that seeks to address violations of state law, the Court should remand Plaintiff's action to state court immediately.

### C. Plaintiff's Action Does Not Permit Removal Based on Diversity Jurisdiction

NexCen Defendants wrongfully invoke 28 U.S.C. § 1332(d)(2) as the primary basis for removal of this action. *See* Notice of Removal at 1-2. Because NexCen Defendants' right to remove is not equal to Plaintiff's right to choose the forum, removal is governed not by 28 U.S.C.

§ 1332, which establishes Plaintiff's access to federal court on the basis of diversity of citizenship, but is instead governed by 28 U.S.C. § 1441. To be sure, NexCen Defendants' authority to remove an action pursuant to 28 U.S.C. § 1441 is considerably more narrow than Plaintiff's authority under 28 U.S.C. § 1332. Specifically, for federal court jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1441(b) provides that an action "***shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought***." *Id*. (emphasis added)

Plaintiff has properly served all of the NexCen Defendants, many of whom are citizens of New York, the state in which Plaintiff properly brought her State Class Action. In fact, the NexCen Defendants concede that Defendants Oros, Hall, Brady, Caine, Mathias, Stamas, and NexCen[2] are citizens of the State of New York. *See* Notice of Removal at 1-2. Conveniently, certain of the NexCen Defendants fail to acknowledge that their citizenship in New York precludes them from removing the action to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1441(b); *See also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."). Because multiple NexCen Defendants are citizens of New York, NexCen Defendants are foreclosed, pursuant to 28 U.S.C. § 1441, from removing the State Class Action to federal court on the basis of 28 U.S.C. § 1332, diversity of citizenship.[3]

---

[2] NexCen is incorporated in Delaware, and has its principal place of business in New York, making it, for the purposes of diversity, a dual citizen of both New York and Delaware. *See* 28 U.S.C. § 1332.

[3] Even if Defendants were not expressly foreclosed from removal on the basis of diversity of citizenship, the federal court does not have original jurisdiction over this action. To be sure, 28 U.S.C. § 1332(d)(9)(B) provides an exception to 28 U.S.C. § 1332(d)(2) when the action "relates to the internal affairs or governance of a corporation or other form of business enterprise and that

- 4 -

Furthermore, because Defendants Global Franchise and LLCP have not joined in the NexCen Defendants' removal, it is unclear whether complete diversity of citizenship exists between the parties. Defendant Global Franchise is a limited liability company. It is well-established that an artificial legal entity other than a corporation does not have a state of incorporation or "principal place of business" for diversity jurisdiction purposes, and its citizenship is instead determined by the citizenship of that entity's members. *See generally Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members … Likewise, a limited partnership has the citizenship of each of its partners.") (internal citation omitted). This principle applies with full force to a limited liability company. *See, e.g., Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) ("For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members."). Thus, because the citizenship of each of Global Franchise's members is not clear, this Court should not invoke diversity jurisdiction.

### D. SLUSA Expressly Preserves Plaintiff's Action for State Court

The Supreme Court has recognized the so-called "complete preemption doctrine" as a subset of federal question jurisdiction. Thus, the Court has explained that while "federal preemption is ordinarily a defense, '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'" *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998) (citing *Caterpillar*, 482 U.S. at 393). Consequently, for removal to be

---

arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized." Because Defendants' breach of fiduciary duties directly relate to the internal affairs and governance of NexCen and derive from the laws of the State of incorporation, 28 U.S.C. § 1332(d)(2) does not create federal subject matter jurisdiction in this action.

proper, NexCen Defendants must establish that "the federal statute completely pre-empts the state-law cause of action" and that Plaintiff's cause of action "is in reality based on federal law." *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).  NexCen Defendants, however, fail to meet this burden.

### 1. SLUSA Does Not Pre-empt Plaintiff's Claims

While NexCen Defendants claim that SLUSA mandates removal, such a proposition is patently false.  Though NexCen Defendants correctly state that SLUSA generally preempts class actions that raise state law claims based on allegations of fraud in connection with the purchase or sale of covered securities, such allegations are not present in, nor do they arise from, Plaintiff's Complaint.  This Court should not allow NexCen Defendants to miscast Plaintiff's Complaint in an attempt to bring this case within the scope of SLUSA.  Clearly, SLUSA does not justify NexCen Defendants' improper removal of this action because the Complaint's allegations are plainly beyond the intended scope, purpose and language of SLUSA.

The limitation and preemption provision of SLUSA is clear and unambiguous on its face. SLUSA generally prohibits a plaintiff from maintaining class action lawsuits in connection with the ***purchase or sale of covered securities*** in state courts alleging:

(1) an untrue statement or omission of a material fact ***in connection with the purchase or sale*** of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance ***in connection with the purchase or sale*** of a covered security.

15 U.S.C. §77p(b) (emphasis added).  There can be no reasonable dispute that when the language of a statute is plain and unambiguous, courts are obligated to apply the plain meaning.  *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).  SLUSA's plain statutory language unequivocally means that suits brought by ***holders*** of a stock, rather than ***purchasers or***

*sellers* of that stock, are *not* preempted under SLUSA.  As courts around the country have recognized, an allegation of a purchase induced by defendants' recommendations is vital to the applicability of SLUSA to a given claim.  *See*, *e.g.*, *Lalondriz v. USA Networks, Inc.*, 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999) (SLUSA did not preempt plaintiffs' claims because they alleged that the defendants' conduct occurred while the plaintiffs were holding the securities and not "in connection with the purchase or sale" of the securities); *LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 240 (S.D.N.Y. 2007) (holding that defendants' alleged breach of fiduciary duties were not sufficiently connected to a purchase or sale of securities such as to implicate SLUSA); *Gordon v. Buntrock*, No. 00CV303, 2000 WL 556763, at *3 (N.D. Ill. Apr. 28, 2000) (same); *Gutierrez v. Deloitte & Touche, L.L.P.*, 147 F. Supp. 2d 584, 594-95 (W.D. Tex. 2001) (same); *Hines v. ESC Strategic Funds, Inc.*, No. 3:99-0530, 1999 WL 1705503 at *5-6 (M.D. Tenn. Sept. 17, 1999) (finding no preemption where plaintiff alleged that defendants' breach of fiduciary duty occurred after plaintiff purchased her stock).  It is well settled that "a lawsuit that does not satisfy all the SLUSA criteria must be remanded to state court."  *See Ring v. AXA Fin., Inc.*, 483 F.3d 95, 98 (2d Cir. 2007).

Here, Plaintiff has owned her NexCen stock prior to the alleged breach of fiduciary duties as alleged in her Complaint.  Despite NexCen Defendants' efforts to recast Plaintiff's allegations, the premise of Plaintiff's allegations do not assert fraud allegations "in connection with the purchase or sale" of NexCen stock.  By attempting to cast Plaintiff's Complaint as one that makes these allegations, NexCen Defendants in substance acknowledge that without such an allegation, this case is not covered by SLUSA.  Indeed, this is not a securities fraud action, nor one that Plaintiff should have brought under the federal securities act.  Resolution of this case does not depend upon whether NexCen Defendants violated any securities law.  Rather, this is an action asserting breach of fiduciary duties claims.

Interestingly, this Court should note that in NexCen Defendants' August 13, 2010 letter requesting a pre-motion conference regarding a motion to dismiss this action, NexCen Defendants concede that Plaintiff's action "although styled as a class action, the underlying claims are derivative in nature."  *See* August 13, 2010 Letter at 2.  NexCen Defendants cannot have it both ways – recasting Plaintiff's allegations as fraud allegations "in connection with the purchase or sale" of NexCen stock to create federal jurisdiction where none exists to support their baseless removal and then recasting Plaintiff's allegations as derivative claims for purposes of dismissal.

Either way, the NexCen Defendants' attempts to rewrite Plaintiff's claims are clearly beyond the intended scope, purpose and language of SLUSA.  Plaintiff's allegations are not fraud claims asserted "in connection with the purchase or sale" of NexCen stock, but are allegations asserted by Plaintiff who is merely a holder of NexCen stock, thus SLUSA is inapplicable.  Furthermore, if this Court finds that Plaintiff's allegations are derivative in nature, SLUSA specifically sets forth an "exception for derivative actions" and is still inapplicable to Plaintiff's action and does not support removal.  15 U.S.C. § 77p(f)(2)(B).

### 2. Plaintiff's Claims are "Carved-out" of SLUSA

As stated above, Plaintiff's class claims allege violations of state law which occurred while Plaintiff held NexCen common stock.  These claims are expressly "carved-out" of SLUSA and are not removable.  SLUSA contains a savings clause, known as the "Delaware carve-out" exception, which preserves certain class actions in state court.  SLUSA specifically excludes from its coverage actions "based upon the statutory or common law of the state in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other entity)."  15 U.S.C. § 77p(d)(1); 15 U.S.C. § 78bb(f)(3).  Indeed, such actions are "preserved" for permissive adjudication in state court.  *Id.*  Moreover, if the Court determines that the

- 8 -

removed action may be maintained in state court pursuant to the above referenced carve-out, SLUSA *requires* that the action be remanded.  15 U.S.C. § 78bb(f)(3)(D).

Plaintiff's class claims are exclusively based on certain NexCen Defendants' breach of their fiduciary duties and the facilitation of such breaches by Defendants LLCP and Global Franchise in connection with Defendants' unlawful plan to cash out NexCen's assets for grossly inadequate consideration.  See Complaint at ¶¶ 1-4, 22-72.  Claims such as these are expressly "preserved" from SLUSA's prohibitions by the "Delaware carve-out" exception.  *See Derdiger v. Tallman*, 75 F. Supp. 2d 322, 324 (D. Del. 1999); *Lazar v. Gregerson*, No. C02-0652, 2002 WL 535405 at *2 (N.D. Cal. April 8, 2002); *Alessi v. Beracha*, 244 F. Supp. 2d 354, 359 (D. Del. 2003); 471 F. Supp. 2d 750 (S.D. Tex. 2007); *Greaves v. McAuley*, 264 F. Supp. 2d 1078, 1083-84 (N.D. Ga. 2003); *Lewis v. Termeer*, 445 F. Supp. 2d 366, 371-72 (S.D.N.Y. 2006); *Decristofaro v. May Dept. Stores Co.*, No. 4:05CV526, 2005 WL 1528260, at *2 (E.D. Mo. June 28, 2005).

With respect to the "Delaware carve-out," the state law claims do not have to be brought in a court of the company's state of incorporate to qualify for the "carve-out."  *See Gibson v. PS Group Holdings, Inc.*, No. 00-CV-0372 2000 WL 777818 (S.D. Cal. June 14, 2000); *Decristofaro*, 2005 WL 1528260 at *2-3.  This is because the face of the statute is clear that class actions based upon the statutory or common law of the statute is clear that class actions based upon the statutory or common law of the state of incorporation "may be maintained in a State or Federal court by a private plaintiff."  15 U.S.C. § 77p(d)(1)(A).

Indeed, the obligations of a corporation's directors and officers are governed by the law of the corporation's state of incorporation.  *See Mariasch v. Gillette Co.*, 521 F.3d 68, 71-72 (1st Cir. 2008).  For this reason, federal courts have expressed extreme reluctance in interfering with claims of a fiduciary nature.  *See Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 479 (1977).

The Supreme Court has explained this position as follows:

> Absent a clear indication of congressional intent, we are reluctant to federalize the substantial portion of the law of corporations. . . . '***Corporations are creatures of state law***, and investors commit their funds to corporate directors on the understanding that, ***except where federal law expressly requires*** certain responsibilities of directors with respect to stockholders, ***state law will govern the internal affairs of the corporation***.'

*Id.* (citation omitted) (emphasis added).  The legislative record surrounding SLUSA's enactment demonstrates that the creation of the Delaware carve-out grew from concerns that fundamental corporate governance was traditionally the province of state law and that certain states, like Delaware, had particularly well-developed common law.  *See Lewis v. Termeer*, 445 F. Supp. 2d 366, 372 (S.D.N.Y. 2006) (describing the SLUSA savings clause as the "Delaware carve-out" and citing the Senate Report on SLUSA as designed to "'exempt from the legislation, shareholder-initiation based on breach of fiduciary duty of disclosure, in connection with corporate actions'") (internal citations omitted).

Clearly, the purpose of the Delaware carve-out was to preserve state court jurisdiction for merger-related claims such as the claims alleged by Plaintiff.  Because Plaintiff's claims are solely limited to certain Defendants' alleged violations of fiduciary duties in connection with the liquidation of the Company's assets, the action before the court squarely falls within the actions SUSLA expressly preserved for state courts.

### IV.  PLAINTIFF SHOULD BE AWARDED ATTORNEY FEES AND COSTS

28 U.S.C. §1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The statute as a whole . . . affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."  *Morgan Guaranty Trust Co. of NY, et. al.  v. Republic of Palau*, 971 F.2d 917 (2d Cir. 1992).  This provision does not require the party seeking costs

and fees to demonstrate that the removing party acted in bad faith. *Id.* at 923-24. Rather, the Court may award attorneys' fees under where the removing party "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

NexCen Defendants' removal is specious at best. NexCen Defendants had no objectively reasonable basis for removing this action and their removal was without support in fact or law and is nothing more than a transparent tactic designed to delay an outcome on the merits and is a waste of this Court's limited time and resources. Under such circumstances Plaintiff's costs and attorney fees associated with the improper removal and this Motion to Remand should be imposed on the NexCen Defendants. *See Shamoun v. Peerless Imps., Inc.*, 2003 U.S. Dist. LEXIS 13376, at *11 (E.D.N.Y. Aug. 1, 2003) (awarding attorneys' fees where "the issues presented . . . as a basis for removal jurisdiction are not novel" and the "impropriety of the removal [was] apparent"); *Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (awarding attorneys' fees where the "impropriety of the removal should have been clear").

## V. CONCLUSION

NexCen Defendants improperly removed this action to federal court. Plaintiff respectfully requests that the this Court immediately remand the action to state court and award Plaintiff the fees and costs incurred in federal court due to the NexCen Defendants' Notice of Removal filed on July 28, 2010.

Dated: New York, New York
      August 20, 2010                         Respectfully submitted,

                                    By: s/ Richard B. Brualdi

                                    Richard B. Brualdi
                                    **THE BRUALDI LAW FIRM, P.C.**
                                    29 Broadway, Suite 2400
                                    New York, NY 10016
                                    Telephone: (212) 952-0602
                                    Facsimile: (212) 952-0608

                                    William B. Federman
                                    **FEDERMAN & SHERWOOD**
                                    10205 North Pennsylvania Ave.
                                    Oklahoma City, OK 73120
                                    Telephone: (405) 235-1560
                                    Facsimile: (405) 239-2112

                                    Marc S. Henzel
                                    **LAW OFFICES OF MARC HENZEL**
                                    273 Montgomery Ave., Suite 202
                                    Bala Cynwyd, PA 19004
                                    Telephone:  (610) 660-8000
                                    Facsimile: (610) 660-8080

                                    **Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2010, a copy of the within Memorandum of Law in Support of Plaintiff Soheila Rahbari's Motion to Remand was served on the following counsel of record via overnight delivery.

David Michael Burkoff
Lori Ann Martin
**WILMER, CUTLER, HALE & DORR, L.L.P**
399 Park Avenue
New York, NY 10022
Telephone:   (212)-230-8800
Facsimile:   Fax: (212)-230-8888
Email:   david.burkoff@wilmerhale.com
              lori.martin@wilmerhale.com

*Counsel for Defendants NexCen Brands, Inc., David Oros, Kenneth J. Hall, James T. Brady, Paul Caine, Edward J. Mathias and George Stamas*

Joseph Aviv
**HONIGMAN MILLER SCHWARTZ AND COHN, LLP**
Suite 100, 38500 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:   (248) 566-8404
Facsimile:   (248) 566-8405
Email:   javiv@honigman.com

Mary Elizabeth Mulligan
Andrew Levine
**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**
1633 Broadway
New York, NY 10019
Telephone:   (212)698-2500
Facsimile:   (212)-373-7923
Email:   alevine@fklaw.com
              mmulligan@fklaw.com

*Counsel for Levine Leichtman Capital Partners and Global Franchise Group, LLC*

                                          s/ Richard B. Brualdi
                                          Richard B. Brualdi